# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ANDERSON CLARK, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 05-2330-T/V |
| | ◊ | |
| DAVID MILLS, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |

## ORDER OF DISMISSAL
## ORDER DENYING CERTIFICATE OF APPEALABILITY
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
## AND
## ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Charles Anderson Clark, Tennessee Department of Correction prisoner number 97297, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western Division of the Western District of Tennessee on May 3, 2005 and paid the $5.00 habeas filing fee. District Judge Jon Phipps McCalla issued an order on July 19, 2005 transferring the petition to the Eastern Division of the Western District, where the convicting court is located.

I.   STATE COURT PROCEDURAL HISTORY

In a 1982 judge trial, Clark was convicted in Gibson County, Tennessee of aggravated rape of one victim, rape of a second victim, aggravated sexual battery of a third victim, armed robbery of a fourth victim, and three counts of first degree burglary. He received a life sentence on the

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 10/18/05

aggravated rape conviction and sentences ranging from ten (10) to twenty (20) years on the other convictions, which were ordered to run concurrently to each other and consecutively to the life sentence. The Tennessee Court of Criminal Appeals affirmed Clark's convictions in an unreported opinion. State v. Charles Anderson Clark, unpublished, Gibson County No. 3 (Tenn. Crim. App. Oct. 27, 1983), *perm. app. denied* (Tenn. Jan. 30, 1984).

Clark subsequently filed a postconviction petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -124,[1] in Gibson County on an unspecified date in which he contended that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment. After an evidentiary hearing, the post-conviction court dismissed the petition. The Tennessee Court of Criminal Appeals affirmed. Clark v. State, C.C.A. No. 6, 1986 WL 13081 (Tenn. Crim. App. Nov. 19, 1986), *perm. app. denied* (Tenn. Feb. 9, 1987).

The petition does not disclose whether Clark filed any additional collateral challenges to his conviction in state or federal court.[2] On August 1, 2003, Clark filed a document entitled "Petition for a Common Law Writ of Certiorari to Correct or Reduce an Illegal or Void Sentence" in the Gibson County Circuit Court. In that petition, Clark alleged that he should have been sentenced as a Range I standard offender and all his sentences should have been concurrent. Counsel was appointed to represent Clark in March of 2004. The State filed a motion to dismiss on January 21,

---

[1] The Tennessee Post-Conviction Procedure Act in effect at the time was replaced by a new Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in 1995. The provisions of the 1995 Post-Conviction Procedure Act were renumbered as Tenn. Code Ann. §§ 40-30-101 to -122 in 2003.

[2] According to the Gibson County Circuit Court, "[o]ver the years, various pro se motions were filed by the Petitioner seeking copies of the transcripts, DNA testing, appointment of counsel, etc. Those that were prepared by the Petitioner reveal that he has very little education and a low IQ. Those prepared by the penitentiary writ writers were better. All were denied. Clark v. State, No. 4753, slip op. at 4 (Gibson County Circuit Court Mar. 25, 2005).

2

2005. The trial court issued an order on March 25, 2005 granting the motion to dismiss on the ground that the proper procedure for raising a claim of this nature is through a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, not a common law petition for a writ of certiorari. Clark v. State, No. 4753, slip op. at 4 (Gibson County Circuit Court Mar. 25, 2005). The court concluded:

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Petition for a Common Law Writ of Certiorari to Correct or Reduce an Illegal or Void Sentence be and the same hereby is dismissed. The Petitioner has leave to file a Petition for the Writ of Habeas Corpus in the proper court at any time.

Id. at 6. It is not clear whether Clark appealed this order to the Tennessee Court of Criminal Appeals. It also is not clear whether Clark filed a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, in any state court. Instead, on April 20, 2005, less than one month after the issuance of the decision by the Gibson County Circuit Court, Clark signed this § 2254 petition.

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

Although the claims that Clark seeks to raise are not clearly articulated, he seems to contend that his sentence is unlawful in light of McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), and United States v. Booker, 125 S. Ct. 738 (2005).[3]

## III. ANALYSIS OF THE MERITS

As a preliminary matter, Clark's claim that his sentence was imposed in violation of Tennessee law, as set forth in McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), is not cognizable in a petition pursuant to 28 U.S.C. § 2254. This Court may "entertain an application for a writ of

---

[3] Although the petition cites only Booker, Clark doubtless means to argue that his sentence is also illegal in light of Blakely v. Washington, 124 S. Ct. 2531 (2004).

3

habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984). The Tennessee Supreme Court's decision in McConnell derives entirely from Tennessee statutory law and, therefore, this Court has no jurisdiction over Clark's claim that his sentence is unlawful under Tennessee law. This aspect of Clark's petition is without merit and is DISMISSED.[4]

With respect to Clark's remaining claim, the first issue to be considered is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

---

[4] Even if that were not the case, this claim is also time barred, pursuant to 28 U.S.C. § 2244(d)(1), for the reasons discussed *infra*. It is also readily apparent that Clark has not exhausted this claim in state court as required by 28 U.S.C. § 2254(b)(1).

4

>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners whose convictions became final before the effective date of § 2244(d) on April 24, 1996 had a one-year grace period, until April 24, 1997, to seek federal habeas relief. Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000).

Application of these provisions in this case is fairly straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). In this case, the Tennessee Supreme Court denied permission to appeal on January 30, 1984, and the time for filing a petition for a writ of certiorari expired ninety days later. Because his conviction became final prior to June 24, 1996, Clark had until April 23, 1997 to file a timely § 2254 petition. He did not do so and, therefore, the limitations period for filing a timely § 2254 petition expired on June 24, 1997 for most claims.

With respect to his claim based on Booker and, presumably, on Blakely, both of which were issued less than one year before the filing of this petition, Clark would presumably take the position that the one-year limitations period with respect to this claim commenced on the date the decisions in Blakely and Booker were issued. See 28 U.S.C. § 2244(d)(1)(C). However, the Supreme Court has held that a new constitutional rule has been "made retroactively applicable to cases on direct review" only if the Supreme Court has so held. Tyler v. Cain, 533 U.S. 656, 662 (2001). Applying

5

that standard, each circuit court of appeals that has considered the issue has held that Blakely has not been made retroactive to cases on collateral review. Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam); Carmona v. United States, 390 F.3d 200, 202-03 (2d Cir. 2004) (per curiam); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004); Cuevas v. Derosa, 386 F.3d 367 (1st Cir. 2004) (per curiam); Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004) (per curiam); Simpson v. United States, 376 F.3d 679, 681-82 (7th Cir. 2004); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Although the Sixth Circuit has not issued a decision addressing the issue, the Sixth Circuit previously held that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Blakely, had not been made applicable to cases on collateral review. In re Clemmons, 259 F.3d 489, 492-93 (6th Cir. 2001).

As Clark has not satisfied his burden of demonstrating that his claim based on Booker and Blakely was timely pursuant to 28 U.S.C. § 2244(d)(1)(C), his petition is time barred and is DISMISSED.[5]

## IV.  APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

---

[5] It also does not appear that Clark is entitled to relief on this claim for another reason. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Booker and Blakely issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). By the same reasoning, a state prisoner whose conviction became final before the decision in Blakely was issued may not obtain relief under Blakely.

6

    (1)    Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
           (A)    the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
           (B)    the final order in a proceeding under section 2255.
    (2)    A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3)    The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus:

7

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner does not deserve attention for the reasons previously stated. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

8

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 13th day of October, 2005.

*[signature]*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02330 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Charles Anderson Clark
WEST TENNESSEE STATE PENITENTIARY
097297
480 Green Chapel Road
P.O. Box 1150
Henning, TN 38041

Honorable James Todd
US DISTRICT COURT